Defendant-appellant Christopher Griffieth appeals from his conviction and sentence for Robbery, following a no-contest plea. Griffieth contends that the trial court erred when it failed to advise him of his right to request conditional probation. We agree. Accordingly, the judgment of the trial court is Reversed, and this cause is Remanded for further proceedings, consistent with this opinion.
 I
Griffieth was indicted for Robbery. He eventually pled no contest, was found guilty as charged, and was referred for a pre-sentence investigation and a forensic evaluation. At the sentencing hearing, Griffieth was sentenced to a term of five to fifteen years.
Griffieth's initial appeal resulted in the filing of a brief pursuant to Anders v. California (1967), 386 U.S. 738, in which counsel indicated that counsel could find no viable issue upon which to base an appeal. Griffieth did not file a pro se brief. After conducting an independent review of the record, this court affirmed Griffieth's conviction and sentence.
Subsequently, Griffieth filed an application for reconsideration pursuant to App.R. 26(A), contending that his appellate counsel was ineffective for having failed to assign as error the trial court's failure to advise Griffieth of his right to request conditional probation. We converted Griffieth's motion into an application for reopening his appeal under App.R. 26(B), found it to be well-taken, re-opened his appeal, and appointed counsel to brief the appeal.
The re-opened appeal is presently before this court for disposition on the merits.
 II
Griffieth's Assignments of Error are as follows:
 THE APPELLANT WAS DEPRIVED OF THE EFFECTIVE ASSISTANCE OF APPELLATE COUNSEL BECAUSE COUNSEL FAILED TO RAISE THE ISSUE OF THE TRIAL COURT'S ERROR WHEN THE COURT DID NOT COMPLY WITH ITS MANDATORY DUTY TO ADVISE THE APPELLANT OF HIS RIGHT TO REQUEST CONDITIONAL PROBATION PURSUANT TO FORMER R.C. 2951.04(A).
 THE TRIAL COURT COMMITTED PLAIN ERROR WHEN IT DID NOT COMPLY WITH ITS MANDATORY DUTY TO ADVISE THE APPELLANT OF HIS RIGHT TO REQUEST CONDITIONAL PROBATION PURSUANT TO FORMER R.C. 2951.04(A).
A trial court has a duty to advise a criminal defendant of his right to request conditional probation when there is any reason in the record to believe that the offender is, or is in danger of becoming, drug dependent. R.C. 2951.04(A). In the case before us, the following statements were made at Griffieth's sentencing hearing:
 By Mr. Layman [Griffieth's trial counsel]: I realize that this is a tough case for the Court, this sentence, given Chris' previous problems, is initially having problems with drugs . . . and I would simply ask the Court to consider all options short of incarceration. I am afraid that incarceration might just aggravate the problems that he's gotten out of instead of looking to solve them and I think that Chris would apply himself and do whatever is necessary in the event he was given an opportunity to get his life back in track.
* * *
 By Mr. Griffieth: . . . . I realize what I did was very wrong and I really don't [sic] think that if I wasn't under the influence of drugs I would have done that to her.
This record clearly provides at least some reason to believe that Griffieth may be drug dependent. Accordingly, on the authority of State v. Poindexter (December 29, 1993), Mont. App. No. 13385, unreported, we find Griffieth's assignments of error to be well-taken. See, also, State v. Atkinson (August 25, 1995), Mont. App. No. 14793, unreported.
Griffieth's assignments of error are sustained.
 III
Griffieth's assignments of error having been sustained, the judgment of the trial court is Reversed, to the extent that it imposes a sentence of imprisonment, and this cause is Remanded to the trial court for the hearing required by R.C. 2951.04(B). The trial court is not required to vacate Griffieth's guilty plea. The trial court is required to hold a hearing to determine if Griffieth is eligible for conditional probation. If the court determines that Griffieth is not eligible, it shall reimpose the sentence previously imposed.
YOUNG, P.J., BROGAN and FAIN, JJ., concur.
Copies mailed to:
David M. Henry
Kevin A. Lantz
Christopher R. Griffieth
Hon. Robert Lindeman